[Civ. No. 4077. Third Appellate District.—July 23, 1931.]

WILLIAM C. SMITH et al., Respondents, v. ANTONIO ZANA et al., Appellants.

Berry & Watson and Virgil M. Airola for Appellant.

Chas. P. Snyder. and Jos. H. Huberty for Respondent.

PRESTON, P. J.—The plaintiff, Lutitia Smith, was kicked by a horse belonging to the defendants. She and her husband, William C. Smith, brought this action for damages. The cause was tried by the court without a jury, resulting in a judgment in favor of the plaintiffs for both special and general damages in the total sum of $1929.20. From this judgment the defendants prosecute this appeal.

Appellants, who are husband and wife, own and operate a merchandise store on the east side of Main Street in the town of Campo Seco, in Calaveras County. In front of the store building is a porch about eight feet wide and three feet high, which was used by the people as a sidewalk in front of the store. About 100 feet south of the store, and on the same side of the street, is the postoffice. People living north of the store and on the east side of the street, in going to and from the postoffice, generally travel in the

main street in front of the porch of store, for the reason that, at the north end of the porch, there were four steps to climb before reaching the top of the porch, and on the south side, the steps were lower than on the north side, and it was much easier to traverse the porch going north than going south.

. Appellants, in making deliveries of merchandise, used a wagon drawn by two horses, one a black mare named "Babe". When goods were to be delivered, the wagon would be driven parallel with the porch and close enough to permit the defendant, A. Zana, the driver, to step from the wagon to the porch or *vice versa*.

The horses were only tied by setting the brake and wrapping the lines around the brake handle.

On the day of the accident, the wagon and team were parked in this position, with the team headed north and standing about three or four feet from the porch. While the team and wagon were in this position, Mrs. Smith went to the postoffice and upon returning, approached the team from the rear and walked between the porch and the team. In passing, the mare "Babe" kicked her and inflicted the injuries complained of.

The defendants contend that Mrs. Smith was guilty of contributory negligence as a matter of law. This contention is based principally upon the testimony given by Mrs. Smith to the effect that she had observed the mare "Babe" which kicked her, shortly before the accident and she was "skittish" and that Mr. Zana could not drive her close enough to the porch for him to step from the wagon to the porch. That the mare "kind of shied off from the porch".

Also that she could have gone over the porch or to the west of the wagon in perfect safety. And that "Babe" had blinds on the bridle and could not see to the rear and that she approached the team from the rear without speaking to them.

From these facts appellants strenuously insist "that Mrs. Smith did not exercise that ordinary care required by the law for her own safety, but on the contrary, chose a course that any person of ordinary prudence would consider positively dangerous". It must be admitted that there is much force to this argument.

We think, however, the question of contributory negligence on the part of Mrs. Smith was a question of fact to be determined by the court from all the facts and circumstances appearing in the evidence, and the learned trial court having determined that Mrs. Smith was not guilty of contributory negligence and there being sufficient evidence in the record to sustain this finding, we are powerless to interfere.

The court also found upon sufficient evidence, "That for more than 5 years prior to the commencement of the action, the said defendants knowingly kept, maintained and harbored a vicious, mean and dangerous mare accustomed to kick, strike out and injure persons, . . . "

The law is well established that it is only where no fact is left in doubt and no deduction or inference, other than that of negligence can be drawn by the court or jury from the evidence that the court can say, as a matter of law, that negligence or contributory negligence is established.

Even where the facts are undisputed, if reasonable minds can draw different conclusions upon the question of negligence or contributory negligence, the question is one to be determined by the jury, if there be a jury; if not, by the court.

The authorities supporting this rule are so numerous that we need only cite one or two: *Fike* v. *San Joaquin Light & Power Co.*, 73 Cal. App. 712 [239 Pac. 344], and cases there cited.

There is no other contention made for a reversal of the judgment. For the reason stated the judgment must be affirmed and it is so ordered.

Thompson (R. L.), J., and Plummer, J., concurred.